AO 442 (Rev. 11/11) Arrest Warrant



MAY 28 2014

CLERK, U.S. DISTRICT COURT
BY _____ DISTRICT OF CALIFORNIA
         DEPUTY CLERK

SEALED
BY COURT ORDER

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| United States of America<br>v.<br><br>Kenneth Koskiniemi<br>*Defendant* | )<br>)<br>) Case No.  CR14-000285 JST<br>)  1:14-MJ-00089-BAM<br>)  (REDACTED)<br>)<br>) |

## ARREST WARRANT

To:   Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   Kenneth Koskiniemi
who is accused of an offense or violation based on the following document filed with the court:

X Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

21:841(a)(1) Manufacture, Distribution, and Possession with Intent to Distribute a Controlled Substance

Date: May 22, 2014

_____
*Issuing officer's signature*

City and state:  Oakland, CA

Deputy Clerk
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

# United States District Court

FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SEALED BY COURT ORDER

VENUE: Oakland

UNITED STATES OF AMERICA,

V.

LAURENCE LINDBERG,

███████

MICHAEL TOMADA,
KENNETH KOSKINIEMI, and
███████

CR14-00285 JST

DEFENDANT.

## INDICTMENT

21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute a Controlled Substance; 21 U.S.C. § 841(a)(1) – Manufacture, Distribution, and Possession of a Controlled Substance with Intent to Distribute; 21 U.S.C. § 331(i)(3) – Sale of Counterfeit Drugs; 18 U.S.C. § 1956(a)(2)(A) – International Money Laundering; 18 U.S.C. § 1956(a)(2)(B)(ii) – International Money Laundering; 31 U.S.C. § 5324(a)(3) – Structuring; 21 U.S.C. § 853 – Drug Forfeiture; 18 U.S.C. § 982(a)(1) – Money Laundering Forfeiture; 31 U.S.C. § 5317 – Structuring Forfeiture

_____ Foreman

Filed in open court this 22nd day of May, 2014

_____ Clerk

Bail, $ no bail warrants for all defendants

MELINDA HAAG (CABN 132612)
United States Attorney

FILED

2014 MAY 22 P 2 59

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ███████ <br> LAURENCE LINDBERG, <br> ███████ <br> MICHAEL TOMADA, <br> KENNETH KOSKINIEMI, and <br> ███████ <br><br> Defendants. | CASE NO. CR14-00285 JST<br><br>VIOLATIONS: 21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute a Controlled Substance; 21 U.S.C. § 841(a)(1) – Manufacture, Distribution, and Possession of a Controlled Substance with Intent to Distribute; 21 U.S.C. § 331(i)(3) – Sale of Counterfeit Drugs; 18 U.S.C. § 1956(a)(2)(A) – International Money Laundering; 18 U.S.C. § 1956(a)(2)(B)(ii) – International Money Laundering; 31 U.S.C. § 5324(a)(3) – Structuring; 21 U.S.C. § 853 – Drug Forfeiture; 18 U.S.C. § 982(a)(1) – Money Laundering Forfeiture; 31 U.S.C. § 5317 – Structuring Forfeiture<br><br>OAKLAND VENUE |

## INDICTMENT

The Grand Jury Charges:

**COUNT ONE:** (21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Controlled Substances)

Beginning on a date unknown to the Grand Jury, and continuing to on or about May 22, 2014, in the Northern District of California, the defendants,

INDICTMENT                                              1



and others known and unknown to the Grand Jury did knowingly and intentionally conspire to manufacture, to distribute, and to possess with intent to distribute controlled substances, to wit: alprazolam and others. All in violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(C), and 841(b)(1)(E).

COUNT TWO:     (21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Controlled Substances)

Beginning on a date unknown to the Grand Jury, and continuing to on or about January 9, 2014, in the Northern District of California, the defendants,



and others known and unknown to the Grand Jury did knowingly and intentionally conspire to manufacture, to distribute, and to possess with intent to distribute controlled substances, to wit: alprazolam and others. All in violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(C), and 841(b)(1)(E).

COUNT THREE:     (21 U.S.C. § 841(a)(1) – Manufacture, Distribution, and Possession with Intent to Distribute Controlled Substances)

Beginning on a date unknown to the Grand Jury, and continuing to on or about May 22, 2014, in the Northern District of California, the defendants,



did knowingly and intentionally manufacture, distribute, and possess with intent to distribute controlled substances, to wit: alprazolam and others. All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(1)(E).

//

INDICTMENT

COUNT FOUR:  (21 U.S.C. § 841(a)(1) - Possession with Intent to Distribute a Controlled Substance)

On or about April 29, 2014, in the Northern District of California, the defendants, ▮▮▮▮▮▮▮▮▮▮▮ and KENNETH KOSKINIEMI, did knowingly and intentionally possess with intent to distribute a controlled substance, to wit: alprazolam. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E).

COUNT FIVE:  (21 U.S.C. § 841(a)(1) - Possession with Intent to Distribute a Controlled Substance)

Beginning on a date unknown to the Grand Jury, and continuing to on or about January 9, 2014, in the Northern District of California, the defendants, ▮▮▮▮▮▮▮▮▮▮▮ did knowingly and intentionally possess with intent to distribute a controlled substance, to wit: alprazolam. All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(1)(E).

COUNT SIX:  (21 U.S.C. § 331(i)(3) - Sale of Counterfeit Drugs)

Beginning on a date unknown to the Grand Jury, and continuing to on or about May 22, 2014, in the Northern District of California, the defendant, ▮▮▮▮▮▮▮▮▮▮▮ did, with intent to defraud and mislead, and without the authorization of Pfizer, Inc., sell, dispense, and hold for sale and dispensing tablets of alprazolam embossed with the trademark "XANAX®" on one side and the number "2" on the reverse, said marks being the trademark of Pfizer, which drugs were not manufactured by or under the authorization of Pfizer, thereby causing the alprazolam tablets to be counterfeit drugs as defined at 21 U.S.C. § 321(g)(2). All in violation of Title 21, United States Code, Sections 331(i)(3) and 333(a)(2).

COUNT SEVEN:  (18 U.S.C. § 1956(a)(1)(B)(ii) - International Money Laundering)

Beginning on or about February 28, 2014, and continuing to on or about April 24, 2014, in the Northern District of California, the defendants, ▮▮▮▮▮▮▮▮▮▮▮

INDICTMENT                                          3

did transport, transmit, transfer, and attempt to transport, transmit, and transfer monetary instruments and funds, that is, Western Union wire transfers of United States currency, from a place in the United States, that is, the Northern District of California, to a place outside the United States, that is, China, knowing that the monetary instruments and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation was designed in whole or in part to avoid a transaction reporting requirement under state and federal law. All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(ii) and 2.

COUNT EIGHT:   (18 U.S.C. § 1956(a)(2)(A) – International Money Laundering)

Beginning on or about October 23, 2013, and continuing to on or about December 28, 2013, in the Northern District of California, the defendants,

did transport, transmit, transfer, and attempt to transport, transmit, and transfer monetary instruments and funds, that is, Western Union wire transfers of United States currency, from a place in the United States, that is, the Northern District of California, to a place outside the United States, that is, China, with the intent to promote the carrying on of specified unlawful activity, that is, manufacturing, dispensing, and possessing with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(1)(E) as charged in Count Five of this Indictment. All in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

COUNTS NINE THROUGH ELEVEN:   (31 U.S.C. § 5324(a)(3) – Structuring)

On or about the dates set forth below, in the Northern District of California, the defendants,

did knowingly and for the purpose of evading the reporting requirements of Section 5325 of Title 31, United States Code and the regulations promulgated thereunder, structure the following transactions with domestic financial institutions:

//

INDICTMENT

| Count | Date | Description |
|---|---|---|
| NINE | March 5, 2014 | Five Western Union wire transfers, all to a recipient in Wuhan, China, for a total of $9,000. The wires were made at Cash 1 in Martinez, CA, at Check into Cash in Antioch, CA, at NorCal Financial Services in Antioch, CA, at We Cash 1 in Brentwood, CA, and at a Safeway store in Brentwood, CA. Each wire was for $1,800, and each was below the $3,000 reporting requirement for Western Union transactions. |
| TEN | March 17, 2014 | Four Western Union wire transfers, all to a recipient in Huai'an City, China, for a total of $6,800. The wires were made at Quick Check Cashing in Brentwood, CA, at NorCal Financial Services in Antioch, CA, at Cash 1 in Martinez, CA, and at CA Check Cashing in Martinez, CA. Each wire was for $1,700, and each was below the $3,000 reporting requirement for Western Union transactions. |
| ELEVEN | April 23, 2014 | Five Western Union wire transfers, all to a recipient in Hubei, China, for a total of $8,750. The wires were made at Quick Check Cashing in Brentwood, CA, at NorCal Financial Services in Antioch, CA, at CA Check Cashing in Martinez, CA, at Cash 1 in Martinez, CA, and at a Safeway store in Brentwood, CA. Each wire was for $1,750, and each was below the $3,000 reporting requirement for Western Union transactions. |

All in violation of Title 31, United States Code, Section 5324(a)(3) and Title 18, United States Code, Section 2.

FORFEITURE ALLEGATION ONE:        (21 U.S.C. § 853 – Drug Forfeiture)

1.     The factual allegations contained in Counts One through Five of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Sections 853(a)(1) and (a)(2).

2.     Upon a conviction of any of the offenses alleged in Counts One through Five, the defendants,

LAURENCE LINDBERG.

INDICTMENT                                                                         5

MICHAEL TOMADA,
KENNETH KOSKINIEMI, and
█████████

shall forfeit to the United States all right, title, and interest in property constituting and derived from any proceeds defendant obtained, directly or indirectly, as a result of said violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including, but not limited to:

    a.     212 Loreto Court, Martinez, CA 94553, Contra Costa County Assessor's Parcel # (161-172-012-7);

    b.     342 Kathleen Drive, Pleasant Hill, CA 94523, Contra Costa County Assessor's Parcel # (153-183-007); and

    c.     a dark blue / purple Harley Davidson Road King model motorcycle, registered to Michael Tomada, CA license plate number 18K4291.

    3.     If any of the property described above, as a result of any act or omission of the defendants:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to or deposited with, a third person;

    c.     has been placed beyond the jurisdiction of the Court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided without difficulty;

any and all interest defendant has in any other property (not to exceed the value of the above forfeitable property) shall be forfeited to the United States pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461(c). All in violation of Title 21 United States Code, Sections 853(a)(1) and (a)(2) and pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

FORFEITURE ALLEGATION TWO:     (18 U.S.C. § 982(a)(1) – Money Laundering Forfeiture)

    4.     The allegations contained in Counts Seven and Eight of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

INDICTMENT         6

5. Upon conviction of any offense in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 1956(a)(2)(B)(ii) as alleged in Counts Seven and Eight of the Indictment, the defendants,

████████

shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following: $28,330 in Western Union wire transfers to China made from October 23, 2013, through December 28, 2013, and $52,120 in Western Union wire transfers made from February 28, 2014 through April 24, 2014.

6. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c). All in violation of Title 18, United States Code, Section 982(a)(1) and pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

FORFEITURE ALLEGATION THREE: (31 U.S.C. § 5317 – Structuring Forfeiture)

7. The allegations contained in Counts Nine through Eleven of the Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 31, United States Code, Section 5317.

8. Upon conviction of an offense in violation of Title 31, United States Code, Section 5324, as alleged in Counts Five through Eight in the Indictment, the defendants,

████████

INDICTMENT      7

▓▓▓▓▓▓

shall forfeit to the United States of America all property, real or personal, involved in the offenses and any property traceable to such property. The property to be forfeited includes, but is not limited to:

    a. $9,000.00 in Western Union wire transfers made on or about March 5, 2014;
    b. $6,800.00 in Western Union wire transfers made on or about March 17, 2014; and
    c. $8,750.00 in Western Union wire transfers made on or about April 23, 2014.

9. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 31, United States Code, Section 5317(c) and by Title 28, United States Code, Section 2461(c). All in violation of Title 31, United States Code, Section 5317 and pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: May 27, 2014

A TRUE BILL.

*[signature]*
FOREPERSON

MELINDA HAAG
United States Attorney

*[signature]*
J. DOUGLAS WILSON
Chief, Criminal Division

(Approved as to form: *[signature]* )
AUSA BARRY

INDICTMENT      8

AO 257 (Rev. 6/78)

SEALED
BY COURT ORDER

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

**OFFENSE CHARGED**

21 U.S.C. § 841(a)(1) – Manufacture, Distribution, and Possession of a Controlled Substance with Intent to Distribute

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: 5 years' imprisonment; $250,000 fine; lifetime supervised release with a minimum term of one year of supervised release; a $100 special assessment

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

**DEFENDANT - U.S.**
KENNETH KOSKINIEMI

**DISTRICT COURT NUMBER**
CR 14-00285

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
Drug Enforcement Administration

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Kevin Barry

**DEFENDANT**

IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction  ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS  ☒ WARRANT   Bail Amount: No Bail
If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:                    Before Judge:

Comments: